### Hundley v. Louisville & Interurban Railroad Company.

(Decided November 24, 1922.)

## Appeal from Shelby Circuit Court.

Railroads — Interurban    Railroads — Destination — Negligence. — Where an interurban car carries two large signs bearing the name of its place of destination, one on the front of the car and the other where the passengers enter it, the conductor is not under a duty to inform passengers entering the car without asking, that that car does not go beyond the place named on the signs, even

where formerly a car running near the same time had gone farther, and his failure so to do is, therefore, not negligence.

BECKHAM & GILBERT for appellant.

WILLIS & TODD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action to recover damages for personal injury, at the conclusion of the evidence for the plaintiff a verdict was directed for the defendant, and the petition was dismissed. The plaintiff appeals.

Middletown is located between Louisville and Shelbyville on defendant's electric interurban road running between those cities. The defendant maintains a depot at its station in Middletown, but does not keep it open after 6:00 p. m., although cars stop at the station to let passengers off or on after that hour.

On September 26, 1919, the plaintiff, a young married woman whose home is in Shelbyville, having concluded a visit at her father's home near Middletown and desiring to return to her home, went to the interurban station at Middletown after 6:00 o'clock in the evening to take a car for Shelbyville, which she thought would arrive about 7:00 p. m., but which had been discontinued temporarily about ten days previously and had not been restored to service owing to a strike by some of the company's employes. At 6:44 a car going towards Shelbyville stopped at Middletown, and plaintiff boarded it. The car had a sign in large letters on the front, and another on the side where she entered it, marked "Eastwood." As she entered the car she passed the conductor standing on the platform, and she did not ask, nor did the conductor inform her, the destination of the car.

After she had taken her seat and the car had gone but a little distance the conductor approached her for her fare. When she told him she desired to go to Shelbyville and offered to pay him her fare to that place, he informed her that the car only went as far as Eastwood. She requested that he take her back to Middletown, and he told her he could not do that as he was already nearly due to meet another car at Hegan. She then asked that he let her off at the next station, which was Belleview, and this he did. This station, according to the witnesses, is from a half to two-thirds of a mile from Middletown.

Plaintiff got off of the car at Belleview in safety, and immediately started back toward Middletown along the railroad tracks. When she had traveled about half of that distance, and while she was hurrying along the track between the rails in an effort to reach Middletown before her father left for his home in the country, she sprained her ankle, and in explanation of how she did so, said, "I stepped on a rock, I suppose; any way I sprained my ankle." It was not quite but nearly dark at the time. She managed to reach a nearby house, and later that night was taken to her father's home, where she arrived about ten o'clock.

Counsel for appellant argue that it was defendant's duty to have notified her of the car's destination before allowing her to enter it, and the failure so to do was the proximate cause of her injury. This argument is based primarily upon a custom said to be universally observed by steam railroads, but it is not even suggested that any such custom prevails anywhere upon interurban cars, nor is any authority cited holding that a failure so to do is negligence, and we may dismiss this much of the argument without further comment.

It is also urged that the fact the regular 7:00 o'clock car for Shelbyville had been temporarily withdrawn from service, and of which she did not know, made it incumbent upon the conductor to inform her of that fact before allowing her to board a car running so nearly on the time of the customary but temporarily abandoned Shelbyville car. In support of this contention we are referred only to the case of L. & N. R. Co. v. Cayce, 17 Ky. L. R. 1389.

This argument entirely ignores the fact that the destination of the car which plaintiff boarded without asking or looking to see where it was going, was plainly indicated in the customary manner by two large signs, either of which she could easily have seen if she had tried, which fact alone clearly excludes this case from the doctrine of the Cayce case if otherwise it would have been applicable.

In that case we held that it was negligence for the company to refuse to stop its train to let off a passenger who had taken passage thereon to a place at which according to its published time card the train was scheduled to stop, because of a regulation of which no notice had been given to the passenger or the public.

Here the plaintiff did not take passage upon a car scheduled to go to Shelbyville but upon one presumably scheduled to stop before reaching that place, and of which fact the public were notified by the customary signs, which plaintiff does not deny were adequate for the purpose, and which she could have seen if she had but looked.

The very purpose of displaying such signs upon interurban cars, as is matter of common knowledge, is to inform prospective passengers of the car's destination; and one who, without either looking at the signs or asking the conductor, boards a car he assumes is going to some place else, can not be heard to say that the consequences are due to the company's negligence in failing to inform him personally about the matter before allowing him to enter the car.

To hold otherwise would seriously interfere with the rapid interurban transportation such cars afford, without any reason or necessity therefor and simply to prevent an occasional passenger from making a mistake, for the prevention of which a practicable and reasonable means was provided.

As no other negligence is asserted and none is perceived, it is our judgment the trial court did not err in directing a verdict for the defendant.

Judgment affirmed.